1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EXPEDIA, INC., and HOTELS.COM, L.P., ) | |
| ) | |
| Plaintiffs, ) | No. |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | SECTION 43(a) OF THE LANHAM ACT; |
| PRICELINE.COM INCORPORATED, ) | WASHINGTON'S CONSUMER |
| ) | PROTECTION ACT; AND COMMON |
| Defendant. ) | LAW FALSE ADVERTISING |
| ) | |
| ) | **JURY DEMAND** |
| ) | |

Plaintiffs Expedia, Inc. ("Expedia") and Hotels.com, L.P. ("Hotels.com") (Expedia and Hotels.com are hereafter referred to collectively as "Plaintiffs" or "Expedia"), for their Complaint claim against Defendant Priceline.com Incorporated ("Priceline" or "Defendant"), state as follows:

## NATURE OF THE CASE

1.       Priceline is engaged in an egregiously misleading advertising campaign in which it falsely claims to charge half as much as Expedia and Hotels.com for the same travel services. Repeatedly, and in all advertising media, Priceline makes the unqualified claim that consumers can save "half off" or "up to half off" hotel prices with Priceline compared to Expedia and Hotels.com.  Priceline has carefully crafted its website as a platform to further this consumer confusion, from which it has waged a false advertising campaign deliberately designed to blur

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 1

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

the distinctions between its business models and thereby maximize its profits to the detriment of consumers, Expedia and Hotels.com.  These claims are false and misleading to consumers, are unfairly diverting Plaintiffs' consumers to Priceline, and should be enjoined.

2.      Priceline's advertisements are false and misleading to consumers in several material ways.

3.      *First,* the unqualified price savings claims touted by Priceline are utterly false and misleading.  Priceline advertises two entirely different travel services under the same name and on the same website.  It offers a conventional "fixed-price" service in which the consumer knows in advance the identities of the hotels offered, as well as pricing and availability, and the consumer selects the particular hotel reservation he desires -- features that most consumers associate with on-line travel sites.

4.      In fact, the claimed "savings" touted by Priceline relate only to a second travel service offered by Priceline that is fundamentally different from Priceline's own fixed-price service and from the fixed-price services offered by Hotels.com and Expedia.  This second travel service is a "blind-bidding" service, in which the consumer:

- cannot see *any* prices for *any* hotel reservations;

- cannot see the identity of any particular hotel;

- selects only a general location and class of hotel;

- makes a blind offer or "bid" for the price he is willing to pay for a hotel reservation and must enter all of his personal and credit card information without knowing in advance: (i) the identity of the hotel he is reserving, (ii) whether his bid, if accepted, represents any savings over prices listed at Expedia or Hotels.com for the specific property on which he ultimately will be booked, (iii) whether his bid, if accepted, represents a savings over other available sources, including Priceline's own fixed-price service or the hotel's own website, for the specific property on which he ultimately will be booked; (iv) if there is any availability at the hotel; and (v) whether the hotel has received favorable or unfavorable reviews;

- must commit to having his credit card charged in full for the transaction before learning the hotel name and location; and

- cannot change or cancel the reservation or obtain a refund once the transaction is confirmed and the hotel's name is finally revealed.

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 2

This "blind-bidding" service is fundamentally and materially different from Priceline's own "fixed-price" service, and from the type of reservation service offered on Expedia or Hotels.com.

5.      Notwithstanding the material and fundamental differences between Priceline's "fixed-price" service, and its "blind-bidding" service, Priceline deliberately blurs the distinction between its two very different services on its website and in its advertising in order to  mislead consumers into believing that they can achieve the advertised savings with any hotel reservation made on the Priceline website when in fact the advertised savings are available, if at all, only on Priceline's "blind-bidding" service.  Indeed, because Priceline's website features both fixed-price and "blind-bidding" services, Priceline's unqualified price savings claims are false and misleading.

6.      *Second,* Priceline's advertisements falsely represent that Priceline offers the same hotel booking services as Expedia and Hotels.com at half the price.  In truth, the transactions are not the same at all.  In Priceline's "blind-bidding" service, a consumer:

- cannot see *any* prices for *any* hotel reservations;

- cannot see the identity of any particular hotel;

- selects only a general location and class of hotel;

- makes a blind offer or "bid" for the price he is willing to pay for a hotel reservation and must enter all of his personal and credit card information without knowing in advance: (i) the identity of the hotel he is reserving, (ii) whether his bid, if accepted, represents any savings over prices listed at Expedia or Hotels.com for the specific property on which he ultimately will be booked, (iii) whether his bid, if accepted, represents a savings over other available sources, including Priceline's own fixed-price service or the hotel's own website, for the specific property on which he ultimately will be booked; (iv) if there is any availability at the hotel; and (v) whether the hotel has received favorable or unfavorable reviews;

- must commit to having his credit card charged in full for the transaction before learning the hotel name and location; and

- cannot change or cancel the reservation or obtain a refund once the transaction is confirmed and the hotel's name is finally revealed.

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION ACT, AND COMMON LAW FALSE ADVERTISING - 3

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

None of these material limitations exist with Expedia or Hotels.com, yet none of these material limitations are noticeably mentioned in Priceline's advertisements.

7.      Priceline's advertisements contain numerous visual and graphic elements deliberately designed to convey an apples-to-apples price comparison between competing fixed-price services and to conceal from consumers the truth: that Priceline is actually making an apples-to-oranges comparison and concealing the very material differences between Priceline's "blind-bidding" service and the fixed-price services offered by Expedia and Hotels.com. Specifically:

- The advertisements present what appears to be an "apples to apples" comparison between comparable "fixed-price" services when in fact the advertised savings are only available on Priceline's fundamentally different "blind-bidding" service.

- The advertisements display and compare what appear to be "fixed" price comparisons between Priceline and Expedia and Hotels.com, for example, "3-star hotel Orlando Expedia best price $104" versus "3-star hotel Orlando Priceline $49." The prices shown for Expedia and Hotels.com do in fact represent "fixed" prices at which the consumer can book a hotel reservation with those services. However, with Priceline's "blind-bidding" service, no prices are actually available and the price a consumer will pay is based solely on the consumer's bid, and on whether that bid is actually accepted. Nowhere in Priceline's advertising is the consumer ever told that the featured Priceline "prices" are based solely on accepted bids placed by consumers as a result of a "blind-bidding" process and that a consumer's ability to book a hotel in the class shown at that "price" is dependent on whether the consumer's bid is accepted. Thus, Priceline's advertisements falsely promise consumers that it offers the same hotel reservation services as Expedia and Hotels.com, at half the price.

- The only difference featured in the advertisements between the services offered by Priceline and those offered by Expedia and Hotels.com is price. However, nowhere in its advertising does Priceline disclose to consumers that in order to achieve the advertised savings, they must submit a bid and the bid must be accepted. The advertising also fails to disclose any of the many other material differences in the services offered.

8.      *Third*, Priceline advertises specific fixed prices and savings that, in fact, are not available anywhere on Priceline's website. Priceline falsely claims that a consumer can "find" hotels at "50% off" or "half off" the prices found at Expedia or Hotels.com. This claim is false and misleading because a discount exists, if at all, only as an outcome of a blind bid on the

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 4

Byrnes & Keller LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

"blind-bidding" portion of Priceline's website, which -- unlike the fixed-price service -- does not display *any* prices for actual hotel reservations.  Because there are no prices for actual hotel reservations displayed on the "blind-bidding" service, the consumer must bid a price, and the consumer's bid must be accepted before the hotel name and reservation price is revealed.  There is no way for a consumer to determine if, in fact, his bid will yield the advertised savings or any savings at all, as compared to other sites, including on Priceline's own fixed-price service.  Thus, consumers cannot "find" half-price savings on the "blind-bidding" portion of Priceline's website and its claim that they can is false and misleading.

9.     Priceline's marketing tactics amount to nothing less than a classic bait and switch.  Priceline lures consumers to its website through the promise of substantial savings yet, once at the website, the consumer has no indication that those savings are only available through a "blind-bidding" service.  In fact, the most prominent service available to a consumer visiting Priceline's website is its fixed-price service.  Priceline's "blind-bidding" service is accessed in various secondary placements on its home page and may be accessed only when the proper hyper-link "button" is located and then clicked, at which time the consumer is directed to a second or third page of the website.

10.    Priceline's false advertisements violate federal and state laws that prohibit false, deceptive, and unfair business practices.  By making false and misleading price comparisons to Expedia and Hotels.com, Priceline has intentionally misled consumers to their detriment by enticing them to Priceline's website under false pretext.  Unless enjoined and restrained by this Court, Priceline will continue to mislead consumers to their detriment and to Priceline's profit and gain, and Plaintiffs will continue to suffer damages, loss of goodwill and damage to their reputations.

## PARTIES

11.    Plaintiff Expedia, Inc. is a Washington corporation with its principal place of business in Bellevue, Washington.

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 5

12.     Expedia is a leading online travel provider, helping travelers plan and book travel. Expedia-branded websites make a large variety of travel products and services available directly to travelers through its U.S.-based website, www.expedia.com, as well as through localized versions of the Expedia website in various countries throughout the world.  Travelers can search for, compare information about (including pricing, availability and traveler reviews) and book travel products and services on Expedia-branded websites, including hotel lodging, airline tickets, car rentals, cruises and many destination services -- such as airport transfers, local attractions and tours -- from a large number of suppliers, on both a stand-alone and package basis.

13.     Plaintiff Hotels.com, L.P. is a Texas limited partnership with its principal place of business in Dallas, Texas.

14.     Hotels.com provides a broad selection of hotel properties to travelers who can plan, shop for and book lodging accommodations from traditional hotels to vacation rentals. Hotels.com services travelers through its U.S.-based website, www.hotels.com, as well as through localized versions in various countries throughout the world.  To help travelers choose the right property for each trip, Hotels.com provides a variety of tools and features, including property descriptions, maps, virtual tours, and guest reviews.

15.     Plaintiffs Expedia and Hotels.com are both subsidiaries of Expedia, Inc. (a Delaware corporation) ("Expedia DE").  Expedia DE owns a number of brands that service a broad range of travelers, travel suppliers and advertisers.  Its brands provide a wide selection of travel products and services from simple, discounted travel to more complex, luxury travel.  Its travel offerings primarily consist of hotel reservations, airline tickets, car rentals, destination services, cruises and package travel, which encompass multiple travel products.

16.     Plaintiffs are informed and believe, and on that basis allege, that Defendant Priceline.com Incorporated is a Delaware corporation with a place of business in Stamford, Connecticut.

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 6

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    17.    Priceline.com offers online customers the ability to make hotel reservations,

2  purchase airline tickets and rent cars through both a conventional "fixed-price" manner and

3  through its "blind-bidding" service known as *Name Your Own Price."*  In addition, Priceline

4  offers customers vacation packages, destination services and cruises through its "fixed-price"

5  service.  Priceline can be found on the Internet at www.priceline.com.

6                          **JURISDICTION AND VENUE**

7    18.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

8  § 1331, and subject matter jurisdiction over the state claims pursuant to 28 U.S.C. § 1367, as

9  those claims are part of the same case or controversy as the federal claim herein.  In addition, this

10  court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that Plaintiffs and

11  Defendant are citizens of different states and the amount in controversy exceeds the value of

12  $75,000, exclusive of interest and costs.

13    19.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Priceline

14  does business in this district and has engaged and is engaging in statutory violations and

15  activities that are causing substantial injury to Plaintiffs in this district and a substantial part of

16  the events or omissions giving rise to these claims occurred in this District.  The challenged

17  advertising has run on radio and television stations in the Seattle area.

18                                **FACTS**

19  A.    **Plaintiffs' Business Models**

20    20.    Expedia provides travelers with the ability to research, plan, and book their travel

21  needs, including hotel reservations, airline tickets, car rental, cruises, and many other in-

22  destination services.  The names of the travel service providers, such as the hotels and airlines, as

23  well as the prices and availability for each service, are provided to consumers in advance of

24  purchase (i.e., the "fixed-price" model).

25

26

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 7

21.     Similarly, Hotels.com provides consumers with the tools necessary to research and book hotel reservations.  Like Expedia, Hotels.com operates under a price-disclosed or "fixed-price" business model.

22.     Expedia and Hotels.com are among the most successful online travel businesses in the United States and abroad, and have spent substantial resources in building their reputations as leaders in providing high-quality travel and related services.

**B.     Other Industry Business Models**

23.     Several other travel websites offer alternatives to the fixed-price business models.  For example, Hotwire.com -- which is operated by Hotwire, Inc., a Delaware corporation based in San Francisco, California ("Hotwire"), and another subsidiary of Expedia DE -- is a website that makes available hotel reservations, airline tickets, rental cars, cruises and vacation packages, often on a discounted basis.

24.     Hotwire differs from Priceline in many material respects.  First, unlike Priceline, Hotwire offers hotel reservations on its website through a single business model, whereas Priceline offers hotel accommodations through both fixed-price and "blind-bidding" models under the same name and on the same website.

25.     Second, unlike Priceline's "blind-bidding" service, Hotwire lists the actual prices for hotel room reservations on its website.

26.     Third, Hotwire provides considerable detail to consumers regarding the various options in advance of booking.  Consumers accessing the site are asked to enter the city, dates of travel, number of rooms and guests.  At that time, they are provided with a number of different hotel options that display the price, general location within the city of travel, and quality or "star" rating.  In addition, the amenities that each hotel property offers are specifically listed, including, for example: fitness center, pool, spa, restaurant, business center, high-speed internet access, laundry facilities, golf course, tennis courts, and/or airport shuttle.  In addition, consumers are also provided with other helpful details such as whether complimentary breakfast is included,

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 8

whether all hotel rooms are smoke-free and the proximity to a beach.  Consumers can further refine their searches to sort the results by price, the number of "stars" or by location.  Once the consumer makes his selection, he is directed to a webpage where he confirms the price, dates, number of rooms, number of "stars," and hotel amenities.  In addition, the consumer is provided with a detailed map that shows the general location of the hotel property.  The map screen also lists points of interest in the area and their proximity in miles from the hotel, and the distance to the hotel from the nearest airports.  Consumers are also provided with a Trip Advisor Travel Rating that advises consumers of the customer ratings the specific hotel property has received (e.g., "3.5 out of 5").  In order to protect the integrity of its business model, the only information a consumer does not learn prior to payment is the exact name of the hotel.

27.     Fourth, Hotwire also differs from Priceline as it is not an auction site and consumers do not "bid" a price for a hotel room reservation.  Thus, consumers using the site do not need to (i) make a bid and (ii) wait to see if their bids are accepted.  In addition, there is no chance that a customer's reservation request will be rejected because they have not entered a price that is accepted.

28.     Because Hotwire offers only one type of service for hotel reservations, consumers visiting the site are not confused as between two different types of services offered on the site or the ultimate price they will pay for a hotel reservation.  Similarly, because Hotwire's hotel advertisements of necessity invite comparison only to its opaque model, consumers are not confused when viewing Hotwire hotel ads comparing its hotel prices and services to those of its competitors.

C.     **Priceline's Two Distinct Business Models**

29.     Priceline is a direct competitor with Plaintiffs.

30.     On its website, www.priceline.com, as well as in print, television and radio advertisements, Priceline offers two distinct booking services.  Unfortunately, that distinction is not made clear.

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 9

31. First, Plaintiffs are informed and believe and on that basis allege that since its inception, Priceline has offered consumers the ability to make hotel reservations through its "blind-bidding" service, through which the consumer:

- cannot see *any* prices for *any* hotel reservations;

- cannot see the identity of any particular hotel;

- selects only a general location and class of hotel;

- makes a blind offer or "bid" for the price he is willing to pay for a hotel reservation and must enter all of his personal and credit card information without knowing in advance: (i) the identity of the hotel he is reserving, (ii) whether his bid, if accepted, represents any savings over prices listed at Expedia or Hotels.com for the specific property on which he ultimately will be booked, (iii) whether his bid, if accepted, represents a savings over other available sources, including Priceline's own fixed-price service or the hotel's own website, for the specific property on which he ultimately will be booked; (iv) if there is any availability at the hotel; and (v) whether the hotel has received favorable or unfavorable reviews;

- must commit to having his credit card charged in full for the transaction before learning the hotel name and location; and

- cannot change or cancel the reservation or obtain a refund once the transaction is confirmed and the hotel's name is finally revealed.

32. For example, consumers using Priceline's "blind-bidding" service to make hotel reservations enter the stay dates, class of the hotel, the general location and a price bid. Priceline then searches for available hotel accommodations matching the criteria entered by the consumer. If an available hotel accommodation is located that meets those criteria, including the price bid, the hotel room is booked by Priceline on a nonrefundable basis and the consumer is billed for the reservation. Priceline does not reveal the name of the hotel or the specific amenities until after the reservation is made. As such, consumers using the site lack certainty regarding the hotel location, its exact amenities and its reviews, and forego the right to change or cancel the reservation or get a refund -- all on a promise of advertised price savings that may or may not be achieved. If hotel accommodations are not available at the price bid by the consumer, the consumer's bid will be rejected and no reservation will be made.

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 10

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

33.     A consumer who attempts to book using Priceline's "blind-bidding" service must be willing to accept uncertainty regarding where he or she will ultimately be lodged.  Moreover, the consumer cannot determine in advance whether the price he or she offers is higher, lower or the same as that for the precise booking received, relative to what he or she might have obtained using the "blind-bidding" service, not to mention other comparable or even preferable options. In other words, Priceline's "blind-bidding" service is a blind auction that entails material uncertainty to the consumer.   The successful bidder may or may not save money over booking through conventional means and might also receive a hotel accommodation that is in less than an ideal location or has received unfavorable reviews.  In addition, the customer has no ability to cancel that reservation or receive a refund.

34.     Second, Plaintiffs are informed and believe and on that basis allege that commencing in or after 2003, Priceline began to offer customers a fixed-price method to make hotel reservations, purchase airline tickets, rent cars, or purchase vacation packages, destination services and cruises, similar to the fixed-price service offered by Expedia and Hotels.com and other travel websites.  Priceline has offered its "fixed-price" service under the same Priceline name and on the same website as its "blind-bidding" service.

### D.   Priceline's History of False and Misleading Advertising Claims

35.     Expedia has challenged Priceline's false advertisements before the National Advertising Division of the Council of Better Business Bureaus, Inc. ("NAD") on three occasions.  The NAD is an independent self-regulatory forum created under the auspices of the Better Business Bureaus to hear and decide advertising disputes.  It is widely recognized by industry and the Federal Trade Commission as an impartial and experienced arbiter.

36.     In 2003 and in 2008, the NAD concluded that Priceline had failed to adequately disclose to consumers the material differences between its "blind-bidding" service and the fixed-price services of other competitors.  In December 2008, the NAD also concluded that Priceline

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 11

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    had improperly blurred the distinction between Priceline's "blind-bidding" service and the fixed-

2    price booking services offered by both Expedia and Priceline.

3         37.    Most recently, Expedia lodged a challenge before the NAD relating to the latest

4    round of misleading Priceline advertisements.  Expedia has withdrawn that challenge in favor of

5    pursuing this lawsuit in order to finally put an end to Priceline's pattern of making only minimal

6    changes to its advertising that neither address the concerns of Plaintiffs nor avoid the consumer

7    confusion concerns raised by the NAD that "any advertising making an offer that applied to only

8    one of [Priceline's] services must clearly disclose that those claims are limited to that specific

9    Priceline service."  Indeed, Priceline's recent, aggressive advertising campaign is intended to

10   blur the distinctions between its "blind-bidding" and fixed-price business models, thereby

11   deceiving consumers.  Because Priceline will likely continue to engage in its pattern and practice

12   of advertising its services in a false and misleading manner, relief from this Court is necessary.

<em>Priceline's Original False Discount Claims</em>

13

14        38.    The NAD first reviewed Priceline's hotel price advertising in 2003.  Importantly,

15   at the time of that review, Priceline was neither offering nor advertising a fixed-price service.  In

16   that challenged advertising, Priceline claimed that it could save consumers 40% on hotel

17   bookings compared to bookings made through rival travel reservation websites.  The NAD found

18   that the challenged ads did not adequately disclose to consumers the fundamental differences

19   between Priceline's "blind-bidding" service for hotel bookings and the fixed-price booking

20   method that was available through other travel booking websites such as Expedia.

21        39.    The NAD recognized that differences in the booking services could be material to

22   consumers, and therefore issued a recommendation to Priceline that it clearly and conspicuously

23   disclose the material differences in any future comparative advertising.

<em>Priceline's "No Booking Fees" Claims</em>

24

25        40.    In late 2008, Expedia challenged Priceline's advertising related to its fixed-price

26   airline reservation services with the NAD.  The challenged ads, like Priceline's most recent ads,

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 12

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

featured the so-called "Negotiator" character.  Those ads, which appeared in multiple media, promised consumers "No Fees" for airline bookings through Priceline, without adequately disclosing that the "No Fee" offer applied only to bookings through Priceline's fixed-price airline booking service and not Priceline's "blind-bidding" service.  The NAD again found that the challenged ads misleadingly blurred the distinction between Priceline's two very different types of travel booking services.  As the NAD stated in its December 2008 decision:

> NAD found that because the two types of service offered by Priceline are distinctly different, any advertising making an offer that applies to only one of those services must clearly disclose that those claims are limited to that specific Priceline service.

41.     In the advertising under review in that case, which included written disclosures that stated "No Booking Fee Does Not Include Name Your Own Price Purchases," the NAD concluded that, within the overall context of the advertisement, the disclosures "were wholly insufficient" to limit the applicability of the No Fee offer to the fixed, "published price" booking service.  It therefore recommended a wholesale change to the commercial:

> NAD found that because Priceline.com offers two distinctly different types of services, any advertising for a feature that applies to only one of those services must be clearly limited to that service.  More specifically, NAD recommended that the advertiser set-up the commercial to make it clear that the service being advertised is the published price fare booking service and the "no booking fee" offer only applies to that service.

42.     In finding that Priceline's disclosures were inadequate, the NAD specifically noted that while the commercial advertised an offer that pertained exclusively to Priceline's fixed-price service, it featured "the Negotiator, who is currently (and has been for many years) featured in *all* of Priceline's advertising."  As the NAD noted, the use of the "Negotiator" character for both fixed-price and "blind-bidding" services gives consumers the false impression that the character's presence on an advertisement signifies that the advertised savings apply to both services.

43.     Thus, the NAD has already twice found that Priceline has created ads that blur the distinction between two fundamentally different services in a way that is misleading to

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 13

consumers, and has recommended changes to Priceline's advertisements to prevent future consumer confusion.  Despite these NAD findings, Priceline continues to engage in deceptive advertising making the same types of claims.

### E.   Priceline's Recent Advertisements

44.     Priceline's recent advertising falsely promises consumers that its fixed-price hotel service will cost them 50% of what they would pay for the same service on Expedia or Hotels.com.  Priceline's advertising campaign improperly blurs the distinction between its two materially different types of online reservation services, and makes the false and misleading claim that the advertised savings apply to both services.

45.     In furtherance of the deception, Priceline has used an aggressive advertising campaign in multiple media featuring the "Negotiator" character, which in many advertisements intimidates or challenges customers to "negotiate" their hotel reservations and thereby obtain dramatic savings over competing booking services.

46.     Notably, Priceline uses the "Negotiator" character in advertising for **both** its "blind-bidding" and fixed-price online booking services, even though consumers can only "negotiate" prices through the "blind-bidding" service.  Thus, the character is consistent with Priceline's efforts to blur these services, and to mislead consumers to believe that the "50% off" savings is available from both its fixed-price service, and not merely its "blind-bidding" service.

47.     Priceline's specific recent advertisements challenged in this action are discussed in detail below.

### Priceline's Recent Television Advertisements

48.     Priceline is currently airing a television commercial which features the "Negotiator" character and a man in an office cubicle making a hotel reservation in Las Vegas (hereafter "the Las Vegas" commercial).

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 14

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

49. Approximately half-way through the Las Vegas commercial, the words "Half Price Hotels Every Day" appear onscreen in a contrasting orange rectangle and the announcer says: "At Priceline, find half-price hotels every day."

50. The commercial then features specific purported price comparisons between Priceline and Expedia, listing hotel prices at fixed amounts:

- "3-star" hotel Orlando: Expedia "best price $104;"  "3-star" hotel Orlando: "Priceline $49;" "Save up to half off Expedia's best price. . . ."

- "3-star" hotel San Francisco: "Hotels.com best price  $127;" "3-star" hotel San Francisco: "Priceline $60."

- Only a brief disclaimer in small, faint font appears in the commercial while the price comparisons are on screen: "Priceline's Name Your Own Price® service is different from Expedia and Hotels.com.  Exact hotel shown only after purchase."  On information and belief, the disclaimer is illegible and unnoticeable to consumers.

51. As the Priceline logo appears onscreen, the announcer says, "Find half-price hotels every day at Priceline."

52. Expedia only very recently learned that Priceline is also airing another television commercial which features the "Negotiator" character and a vacationing couple in the back of a van (hereafter referred to as the "Travel Napping" commercial).

53. Approximately half-way through the Travel Napping commercial, the "Negotiator" character says: "At Priceline, you can name your own price and save up to half off on hotels."  Another actor in the commercial then looks at a computer screen and states: "That's way less than Expedia."

### *Priceline's Recent Website Advertisements*

54. Priceline's website has also recently featured the "half price" on hotels claim.

55. However, the "blind-bidding" portion of the Priceline website is clearly the secondary service available on the site, as a consumer accessing the site will first be directed to the fixed-price service on the left-hand portion of the site, whereas the consumer would need to locate and then click a button or other link to access the "blind-bidding" portion of the website.

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 15

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

56.     Recently on the homepage, the "Negotiator" character appeared above the "Search now" button, which directed the customer to a new page that featured more than a dozen fixed-price comparisons for "recent winning bids," including:  a 4-star hotel room in Chicago for $85 from Priceline and $199 on the Expedia.com website; and a 3-star hotel room in Miami for $100 from Priceline and $215 on the Hotels.com website.

57.     The body copy stated: "Half Price Hotels Anyone?" and Priceline offers "deeply discounted hotel deals that are up to half off the other guy's best price when you Name Your Own Price®."

58.     Only if consumers scrolled to the bottom of the price comparison chart that followed would they find a disclaimer, which appeared with and in the same size, color and font as the links and copyright notice.  On information and belief, the disclaimer was illegible and unnoticeable to consumers.  The disclaimer stated:

> * Priceline's Name Your Own Price® reservation service is different from fixed-price travel sites.  With Priceline's Name Your Own Price® reservation service, the exact hotel is shown only after purchase and sales are final.  Name Your Own Price® Hotel examples are for offers available since 3/21/09 for check-in between 4/20/09 thru 6/30/09 and do not include applicable taxes and service fees. There is no guarantee that hotels or prices will be available.  Actual prices and availability are always subject to change.  All prices and dates may not be available at time of travel booking and savings are not guaranteed.  Over the last 12 months, a substantial percentage of accepted offers have resulted in savings of up to 50% in comparison to the lowest published rates on other leading online travel sites for the same itinerary.

59.     Nowhere, even in the disclosure, was the "blind bidding" feature disclosed.

### *Priceline's Recent Print Advertisements*

60.     Yet additional examples of Priceline's blurring of its two distinct business models may be found in numerous print ads.  For example, each of the following ads appeared in the nationwide news publication *USA Today*:

- January 22, 2009: The "Negotiator" character appears above the text "Priceline Negotiator" with the text: "Don't get caught paying too much at Expedia.  Save up to Half Off on Hotels Every Day at Priceline."

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 16

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- February 5, 2009: The "Negotiator" character appears above the text "Priceline Negotiator" along with the text: "Name Your Own Price® and find *Half-Price* hotels for your romantic getaway.  3-star hotels from $45 and 4-star hotels from $70."

- February 13, 2009: The "Negotiator" character appears above the text "Priceline Negotiator" along with the text: "Save up to Half Off Expedia and Hotels.com's best hotel prices when you Name Your Own Price.®"

- March 12, 2009: The "Negotiator" character appears beneath the text "Priceline Negotiator" with the text: "Get up to *Half Off* the hotel prices offered by Expedia and Hotels.com."

- April 16, 2009:  The "Negotiator" character appears beneath the text "Priceline Negotiator" with the text: "Save up to *Half Off* Expedia and Hotels.com's best hotel prices."

The above print ads are hereafter referred to as the "print ads."

61.     The print ads do not clearly state that a consumer must utilize Priceline's "blind-bidding" service, in which the consumer:

- cannot see *any* prices for *any* hotel reservations;

- cannot see the identity of any particular hotel;

- selects only a general location and class of hotel;

- makes a blind offer or "bid" for the price he is willing to pay for a hotel reservation and must enter all of his personal and credit card information without knowing in advance: (i) the identity of the hotel he is reserving, (ii) whether his bid, if accepted, represents any savings over prices listed at Expedia or Hotels.com for the specific property on which he ultimately will be booked, (iii) whether his bid, if accepted, represents a savings over other available sources, including Priceline's own fixed-price service or the hotel's own website, for the specific property on which he ultimately will be booked; (iv) if there is any availability at the hotel; and (v) whether the hotel has received favorable or unfavorable reviews;

- must commit to having his credit card charged in full for the transaction before learning the hotel name and location; and

- cannot change or cancel the reservation or obtain a refund once the transaction is confirmed and the hotel's name is finally revealed.

The specific requirements by which consumers "negotiate" discounted travel are referred to only confusingly in an illegible and ineffective disclaimer which appears beneath each of the print ads that appears to reference the "blind-bidding" service.

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 17

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

62.     To the extent that the February 5th, February 13th and March 12th print ads mention "Name Your Own Price" in the text of the ad they do not do so in a manner that would advise consumers that they must use Priceline's "blind-bidding" service in order to achieve discounted hotel reservations as opposed to its fixed-price service.  Instead, Priceline uses the words - name your own price - as an action phrase, which falsely suggests that consumers may use Priceline's fixed-price service to "negotiate" travel discounts, particularly since Priceline has intentionally invited comparison in the text of the ads to the fixed-price service offered by Expedia and Hotels.com.

**F.     Priceline's Recent Advertisements Falsely Claim that Consumers Can Achieve the Advertised Savings Using Priceline's Fixed-Price Services**

63.     By making unqualified, false and misleading price savings claims, Priceline is diverting consumers from Expedia and Hotels.com on false pretenses.

64.     In the advertising described above, Priceline blurs the distinction between fixed-price travel services and its "blind-bidding" service, and falsely promises consumers that the same transaction or service will cost 50% less on Priceline.com than on Expedia or Hotels.com.

*Priceline's Superior Price Claims Are Unqualified*
*and Lack Sufficient Disclosures to Make Them Truthful*

65.     Priceline's advertisements promise 50% savings on the same service or transaction compared to Expedia and Hotels.com without qualification or limitation.

66.     Priceline's advertisements ascribe the cost savings to using "Priceline" broadly and generally, thereby expressly referring to all of its services.

67.     Priceline fails to disclose in its ads that the advertised savings apply only to its "blind-bidding" service.

68.     Priceline fails to disclose that the specific Priceline "prices" shown were based on accepted bids by isolated consumers for reservations at undisclosed hotels on certain dates, and do not represent fixed-prices that any consumer can select.

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 18

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1     69.    Any disclaimer included by Priceline is insufficient to make the advertisement

2   truthful and, on information and belief, is illegible and unnoticeable to consumers.

3         *Components of Priceline's Advertisements Falsely State or*

      *Suggest that the Promised Savings Apply to Priceline's Fixed-price Service*

4

5     70.    Priceline deliberately designs its advertising to blur the distinction between its

6   fixed-price and "blind-bidding" services.  In so doing, the advertisements falsely claim that the

7   promised 50% savings apply to Priceline's fixed-price services.

8     71.    The advertisements make direct price comparisons against Expedia and

9   Hotels.com even though Priceline is comparing its "blind-bidding" service with Expedia and

10  Hotels.com's fixed-price service, without notifying customers of the material and fundamental

11  differences between those services.  In fact, Priceline could just as easily make the same

12  comparison to its own fixed-price service.

13    72.    To the extent that Priceline's advertisements target regular consumers of Expedia

14  and Hotels.com, they are directed at many consumers who might not even be familiar with

15  "blind-bidding."

16    73.    Priceline's advertisements display what appear to be fixed hotel reservation prices

17  allegedly obtainable through booking with an unspecified Priceline service.  The advertisements

18  compare those prices to fixed-prices offered on other conventional booking services, such as

19  Expedia and Hotels.com.  In the context of the advertisements and the availability of both fixed-

20  price and "blind-bidding" services under the same "Priceline" website being advertised, these

21  comparisons are misleading.

22    74.    In fact, fixed-price offers are not made on Priceline's "blind-bidding" service, and

23  consumers cannot see any offered prices in advance of booking.

24    75.    Rather than making clear that its advertised "savings" are limited to Priceline's

25  "blind-bidding" service, as the NAD has found was necessary, Priceline continues to employ

26

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 19

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1
2
visual and graphic elements deliberately designed to blur the distinction between its two

fundamentally different online reservation services, including use of the "Negotiator" character.

3
4
**G.**   **Priceline's Recent Advertisements Misrepresent the Differences between Priceline's "Blind-Bidding" Service and the Plaintiffs' Fixed-Price Services**

5
6
76.     Throughout its advertising, Priceline makes direct comparisons of fixed-prices

found on Expedia and Hotels.com to nonexistent prices supposedly available on Priceline.

7
8
Indeed, the "prices" or "price savings" advertised for Priceline, however, can only be obtained, if

at all, if the consumer enters the exact bid on the "blind-bidding" service, the bid is accepted and

9
10
the consumer is willing to accept all the uncertainty involved with the "blind-bidding" service

prior to payment (such as the hotel's identity, location, amenities or reviews), as well as the

11
12
inability to make changes, cancel the reservation or receive a refund after the reservation is

confirmed.  These advertisements, including their full context, falsely claim that, other than

13
14
price, there are no differences between Expedia and Hotels.com's fixed-price service and

Priceline's "blind-bidding" service.

15
16
77.     In fact, there are many fundamental differences between the two services, and the

Priceline "blind-bidding" service imposes numerous material disadvantages and uncertainties on

17
consumers.

18
19
78.     Among other things, a consumer on Priceline's "blind-bidding" service, unlike a

consumer using Expedia and Hotels.com:

20
•   cannot see *any* prices for *any* hotel reservations;

21
22
•   cannot see the identity of any particular hotel;

•   selects only a general location and class of hotel;

23
24
25
26
•   makes a blind offer or "bid" for the price he is willing to pay for a hotel reservation and must enter all of his personal and credit card information without knowing in advance: (i) the identity of the hotel he is reserving, (ii) whether his bid, if accepted, represents any savings over prices listed at Expedia or Hotels.com for the specific property on which he ultimately will be booked, (iii) whether his bid, if accepted, represents a savings over other available sources, including Priceline's own fixed-price service or the hotel's own website, for the specific property on which he ultimately will be booked; (iv) if there is any availability at the hotel; and (v) whether the hotel has received favorable or unfavorable reviews;

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 20

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

- must commit to having his credit card charged in full for the transaction before learning the hotel name and location; and

- cannot change or cancel the reservation or obtain a refund once the transaction is confirmed and the hotel's name is finally revealed.

79.     The only limitations that sometimes appear in Priceline's advertisements are disclosures that are incomplete, illegible, and unnoticeable to consumers.  Certain Priceline advertisements disclose in a small, illegible disclaimer that: "Priceline's Name Your Own Price® service is different from Expedia and Hotels.com.  Exact hotel shown only after purchase."  Such disclosures are inadequate to correct the inherently misleading comparisons and false claims in Priceline's advertising, just as the NAD has already concluded with regard to Priceline's "no booking fees" advertisements.

80.     Such disclosures further mislead consumers because they falsely claim, and mislead consumers to believe, that the *only* difference from Expedia and Hotels.com is that on Priceline the exact hotel name is shown after purchase.

81.     Priceline's claims are false because, in fact, there are numerous other fundamental and material differences, which Priceline's advertisements deny and/or fail to disclose to consumers.

## H.     **Priceline Falsely Advertises Fixed Hotel Prices and Savings that, in Fact, Are Not Available Anywhere on Priceline's Website**

82.     Throughout its advertising, Priceline advertises specific, fixed-prices for hotel reservations that can allegedly be found on its website.  For example, Priceline has advertised a 4-star hotel room in Chicago for $85, a 3-star hotel room in Orlando for $49, and a 3-star hotel in San Francisco for $60.

83.     Throughout its advertising, Priceline makes direct comparisons between hotel reservation "prices" on its website and prices on Expedia and Hotels.com.  The comparisons are made in fixed, numerical terms, such as "50% off."

84.     Although not disclosed to the consumers, the prices on which these comparisons are based are not fixed-prices on its website.  In fact, there are no prices being offered through

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 21

the "blind-bidding" service.  The promised prices or savings may only be available, if at all, if a consumer happens to enter the same bid with the same hotel criteria (i.e., location, dates) on Priceline's "blind-bidding" service and such bid is accepted.

85.     Thus, Priceline specifically and directly compares its "blind-bidding" hotel prices with the fixed-prices offered on Expedia and Hotels.com.

86.     Priceline's advertising misrepresents to consumers that they can "find" the advertised, fixed-price savings on the Priceline website, even though fixed-prices are not displayed on its "blind-bidding" service.

87.     These claims are false because the specific advertised "prices" or the specific advertised savings cannot be found anywhere on Priceline's website.  Again, the "blind-bidding" service does not have any prices that a customer could use to comparison shop.

## I.     Priceline's False Claims Are Material to Consumers and Are Causing Injury to Expedia, Hotels.com and Consumers

88.     Priceline's false claims are likely to be material to consumers exposed to the false advertising.  Plaintiffs are informed and believe and on that basis allege that the ability to obtain travel services at reasonable prices is important to consumers, and that consumers are particularly attracted to services that will save them money.

89.     Priceline's false claims have and will continue to harm consumers.  The public has an interest in truthful advertising and fair commercial competition.  Consumers depend upon truthful advertising in order to evaluate competing products in the marketplace.  Priceline's false advertising claims deprive consumers of accurate information and cause them to utilize Priceline's services in the false belief that doing so will save them "half price" off the same services provided by Plaintiffs.  Rather, consumers using the "blind-bidding" service will either: (i) not receive what they think that they are receiving (such as a hotel and location they can select, prices that are available for reservations that are actually available, amenities they can confirm, hotel reviews they may consider, and a booking that may be changed, canceled or refunded), in exchange for the possibility of a discount if they bid correctly and their bids are

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 22

Byrnes & Keller LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

accepted; or (ii) receive the services they expect (such as a hotel whose identity, location, price, amenities and reviews they can determine in advance, with the ability to change or cancel the reservation and obtain a refund), but none of the alleged discounts they have been promised.

90.     As the NAD has already found with regard to Priceline's "no booking fees" advertisements, Priceline's recent advertisements blur the distinction between Priceline's two very different services, and fail to clearly disclose that any "price savings" claims are "clearly limited" to the applicable service providing the discount.

91.     Priceline's claims are false and misleading to the public, yet Plaintiffs are informed and believe and on that basis allege that Priceline continues to make such claims with full knowledge of, or reckless disregard for, both the false nature of the claims and their tendency to mislead consumers.

92.     Priceline's false and misleading advertising claims have also caused severe harm to Plaintiffs' reputation and goodwill among current and prospective customers nationwide, as Priceline's advertisements have falsely created the impression in the minds of consumers that its services are "half" the price of those same services provided to consumers by Plaintiffs.

93.     As a direct and proximate result of the false claims made by Priceline, Plaintiffs have lost sales from which they otherwise would have profited, lost goodwill in the marketplace and suffered damage in reputation in the marketplace.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF SECTION 43(a) OF THE LANHAM ACT**

94.     Plaintiffs incorporate and reallege paragraphs 1 through 93 of this Complaint.

95.     Section 43(a) (1) (B) of the Lanham Act, 15 U.S.C. §1125(a) (1) (B), prohibits, *inter alia*, any "false or misleading description of fact, or false or misleading representation of fact which … in commercial advertising or promotion, misrepresents the nature, characteristics, [or] qualities … of … goods, services, or commercial activities."

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 23

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

96.     Priceline offers its internet travel services in interstate commerce on the worldwide web and is engaging in an extensive nationwide advertising campaign in connection with the marketing of its fixed-price and "blind-bidding" services through a variety of media including internet, radio and television commercials, and print ads.

97.     Priceline's claims are false and misleading and misrepresent the nature, characteristics and qualities of Priceline's services.  In addition, Priceline's false and misleading claims misrepresent the nature, characteristics, or qualities of Plaintiffs' services to the extent Priceline falsely implies that Plaintiffs' fixed-price services are more costly to consumers than those same services offered by Priceline, and blur the distinctions between its materially different services.

98.     Priceline's false claims are material to consumers and are likely to induce consumers to utilize Priceline's services instead of those of Plaintiffs.

99.     Upon information and belief, Priceline's claims are likely to deceive or to confuse a substantial segment of the buying public and, in fact, have actually deceived or confused a substantial segment of the buying public.  Moreover, the claims have influenced and are likely to influence the buying public's purchasing decisions.

100.    This deceptive conduct by Priceline is and has been deliberate and willful and has injured and continues to injure consumers and Plaintiffs.

101.    Priceline knows or should know that its advertisements are false and misleading.

102.    Priceline's advertising of its fixed-price and "blind-bidding" services, as described above, violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

103.    As a result of Priceline's misrepresentations, Plaintiffs and the public have been injured.  Unless Priceline is enjoined by this Court and ordered to retract and correct its false and misleading advertisements and statements, Priceline's statements will continue to mislead the public and cause Plaintiffs to suffer a loss of consumer confidence, sales, profits, and goodwill,

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 24

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1   along with the cost of remedial corrective advertising, much of which loss is, and will be,

2   irreparable.  The exact nature and extent of Plaintiffs' injury cannot be ascertained at this time.

3   **SECOND CLAIM FOR RELIEF**
    **VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT**

4   104.   Plaintiffs incorporate and reallege paragraphs 1 through 103 of this Complaint.

5   105.   By making false and misleading claims regarding its fixed-price and "blind-

6   bidding" services, as discussed above, Priceline has engaged in unfair or deceptive trade

7   practices in the course of its trade or business in violation of Washington's Consumer Protection

8   Act, RCW 19.86.010, *et seq.*

9   106.   Priceline's advertisements are false and misleading and misrepresent the nature,

10  characteristics, or qualities of Priceline's services.  In addition, Priceline's false and misleading

11  claims misrepresent the nature, characteristics, or qualities of Plaintiffs' services to the extent

12  they falsely imply that their fixed-price services are more costly to consumers than those same

13  services offered by Priceline.

14  107.   Priceline's false and misleading claims are broadcast and/or disseminated in the

15  State of Washington, have the capacity to deceive a substantial portion of the public so as to

16  induce consumers to utilize its services instead of those of Plaintiffs, and directly and indirectly

17  affect the people of the State of Washington.

18  108.   Priceline's false and misleading advertisements have caused and likely will

19  continue to cause Plaintiffs to suffer damages to their business in the form of lost sales, profits,

20  and damage to its reputation and goodwill.

21  109.   As a result of Priceline's actions, Plaintiffs and the consuming public have

22  suffered and continue to suffer irreparable injury, the exact nature and extent of which cannot be

23  fully ascertained at this time, and for which there is no adequate remedy at law.

24  110.   Plaintiffs are "persons" that have been and continue to be damaged by Priceline's

25  deceptive trade practices and are entitled to bring this action and request relief pursuant to RCW

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 25

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

19.86.010, *et seq.*  Plaintiffs will continue to suffer irreparable damage to their business, reputation, and goodwill with customers if Priceline's misrepresentations are not enjoined.

111.    Pursuant to RCW 19.86.090, Plaintiffs are entitled to injunctive relief, actual damages, treble damages and attorneys' fees based on Priceline's unfair and deceptive trade practices.

### THIRD CLAIM FOR RELIEF
### FALSE ADVERTISING, UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES UNDER THE COMMON LAW

112.    Plaintiffs incorporate and reallege paragraphs 1 through 111 of this Complaint.

113.    Priceline's conduct constitutes false advertising, unfair competition, and unfair business practices under the common law.  Priceline employs and expects consumers to rely on its deception, concealment, fraud, false pretenses, false promise, misrepresentation, and omission of material facts in violation of Washington common law unfair competition.

114.    Priceline's actions demonstrate intentional, willful, and bad faith intent to harm Plaintiffs' business, goodwill and reputation, making this an exceptional case.

115.    Priceline is causing, and is likely to cause, substantial injury and damage to Plaintiffs for which there is no adequate remedy at law, and Plaintiffs are entitled to compensatory damages, and injunctive relief under common law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in its favor and against Priceline as follows:

116.    Ordering that judgment be entered for Plaintiffs and against Priceline on all claims alleged herein.

117.    An Order permanently enjoining Priceline from disseminating or causing the dissemination of the following on its website or in any radio or television commercials, print ads or other promotional activities or promotional materials for either its fixed-price services, or for its "blind-bidding" services:

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION ACT, AND COMMON LAW FALSE ADVERTISING - 26

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

a.      Any oral or written material that fails to expressly identify in a clear and conspicuous manner that will be understood by consumers, that any discounts, services, specials, or features that apply only to Priceline's "blind-bidding" service, do not apply to Priceline's fixed-price service;

b.      Any oral or written material that fails to expressly identify in a clear and conspicuous manner that will be understood by consumers, that any discounts, services, specials, or features that apply only to Priceline's fixed-price service do not apply to Priceline's "blind-bidding" service;

c.      Any oral or written material that compares prices offered by Expedia and/or Hotels.com with accepted bids made by consumers on Priceline's "blind-bidding" service, without clearly and conspicuously informing consumers in a manner that will be understood by consumers of the material differences between Priceline's "blind-bidding" service and the fixed-price services offered by Expedia and Hotels.com;

d.      Any oral or written material that utilizes the voice or image of the "Negotiator" character in such a manner that does not also clearly state that Priceline's "negotiation" or "bidding" feature is unique to its "blind-bidding" services and does not apply to its fixed-price services;

e.      Any oral or written material that expressly or implicitly provides that the prices quoted for successful bids on its "blind-bidding" service are "half price," "half off" any prices, available "every day," available to all consumers, that consumers can "find" such prices at its "blind-bidding" service, or any similar price savings claims; and

f.      Any oral or written material that states, either expressly or by implication, that Priceline's "blind-bidding" services will save consumers money as compared to Plaintiffs' fixed-price services.

118.    An Order adjudging that Priceline violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 27

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

119.   An Order directing an accounting by Priceline of its gains, profits, savings, and advantages realized by reason of its false advertising, awarding Plaintiffs damages as allowed by law, and trebling Plaintiffs' recovery pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

120.   An Order awarding Plaintiffs:

a.   All profits derived from Priceline's wrongful acts complained of herein;

b.   All damages sustained by reason of Priceline's wrongful acts complained of herein, including those available under 15 U.S.C. § 1117, including reasonable attorneys' fees;

c.   Treble the amount of Priceline's profits or actual damages suffered by Plaintiffs under 15 U.S.C. § 1117;

d.   Treble and/or punitive damages against Priceline and in favor of Plaintiffs to the extent permitted by applicable law, in an amount sufficient to deter and punish Priceline for its willful and wrongful acts;

e.   Corrective advertising by Priceline, in a manner to be determined;

f.   Their costs and disbursements in this action, including their reasonable attorneys' fees; and

g.   Pre-judgment and post-judgment interest.

121.   An Order requiring Priceline to file with the Court and to serve on Plaintiffs, within fifteen (15) days after service of the Court's judgment as requested herein, a report, in writing under oath, setting forth in detail the manner and form in which Priceline has complied with the Court's judgment.

122.   An Order granting Plaintiffs such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand trial by a jury as to all issues so triable in this action.

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 28

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    DATED this 20th day of May, 2009.

2                                         BYRNES & KELLER LLP

3

4                                         By /s/ Bradley S. Keller
                                             Bradley S. Keller, WSBA #10665
5                                            Keith D. Petrak, WSBA #19159
                                             1000 Second Avenue, 38th Floor
6                                            Seattle, WA  98104-4082
                                             Telephone: (206) 622-2000
7                                            Facsimile: (206) 622-2522
                                             bkeller@byrneskeller.com
8                                            kpetrak@byrneskeller.com

9                                         *Of Counsel:*

10                                        Robert H. Platt
                                          (*pro hac vice pending*)
11                                        MANATT, PHELPS & PHILLIPS, LLP
                                          11355 W. Olympic Blvd.
12                                        Los Angeles, California 90064
                                          Telephone:    (310) 312-4300
13                                        Facsimile:    (310) 312-4224

14                                        Christopher A. Cole
                                          (*pro hac vice pending*)
15                                        MANATT, PHELPS & PHILLIPS, LLP
                                          700 12th Street, NW
16                                        Washington, D.C. 20005
                                          Telephone:    (202) 585-6524
17                                        Facsimile:    (202) 637-1535

18                                        Attorney for Plaintiffs
                                          Expedia, Inc. and Hotels.com, L.P.
19

20

21

22

23

24

25

26

COMPLAINT FOR VIOLATION OF SECTION 43(a) OF THE
LANHAM ACT, WASHINGTON'S CONSUMER PROTECTION
ACT, AND COMMON LAW FALSE ADVERTISING - 29

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000