UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
EXPEDIA, INC., and HOTELS.COM, L.P.,    )
                                        )   No. C09-0712RSL
                      Plaintiffs,       )
        v.                              )   ORDER DENYING MOTION TO
                                        )   STAY AND GRANTING IN PART
PRICELINE.COM INCORPORATED,             )   MOTION TO DISMISS
                                        )
                      Defendant.        )
_____)

This matter comes before the Court on a defendant's "Motion to Stay and Dismiss." Dkt. # 17. Defendant argues that (1) a brief stay is appropriate so that the National Advertising Division of the Council of Better Business Bureaus ("NAD"), which was considering Expedia's challenge to Priceline's advertising before this suit was filed, is able to issue a final decision, and (2) Expedia's Lanham Act and common law claims fail as a matter of law. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

**A. MOTION TO STAY**

When this lawsuit was filed, NAD, a self-regulatory body that resolves disputes regarding commercial advertising, was poised to determine whether Priceline's advertising was

---

[1] This matter can be decided on the papers submitted. Defendant's request for oral argument is DENIED.

ORDER DENYING MOTION TO STAY
AND GRANTING IN PART MOTION TO DISMISS

misleading. Expedia, which had initiated the NAD process, filed this complaint, thereby triggering an NAD procedural rule which forced it to close its investigation. In so doing, NAD noted that its investigation was complete and that it "believed it would be beneficial to share with the parties the analysis it would have conducted had procedural considerations not required an administrative closing." Decl. of Phyllis S. Wallitt (Dkt. # 19) Ex. J at 9. The analysis was generally in Priceline's favor, and NAD has indicated "its willingness to reopen the case and reformat the foregoing analysis as a decision on the merits, should the court remand the matter to NAD or for other reasons not reach a conclusion on the truthfulness and accuracy of the challenged claims." Decl. of Phyllis S. Wallitt (Dkt. # 19), Ex. J at 12.

As part of its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," this Court has the power to stay litigation pending resolution of a related proceeding. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." Leyva v. Certified Grocers of Calif., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979). A stay will not be ordered, however, unless the moving party shows that it will provide some advantage in terms of efficiency or fairness. See Clinton v. Jones, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need.").

Defendant argues that (1) a final NAD decision may simplify the case and/or promote settlement, and (2) a remand to NAD will help prevent the type of procedural gamesmanship Expedia employed here. Neither of these arguments is convincing. The NAD stated its analysis and proposed findings when it administratively closed its investigation. The Court and the parties therefore have the benefit of NAD's expert view on Priceline's advertising without having to delay this litigation even for a few weeks. In addition, defendant has not

ORDER DENYING MOTION TO STAY
AND GRANTING IN PART MOTION TO DISMISS  -2-

shown that a final NAD decision would be admissible under the Federal Rules of Evidence to support its defense of plaintiffs' claims. See Rexall Sundown, Inc. v. Perrigo Co., 2009 WL 2891021 (E.D.N.Y., Sept. 10, 2009).

Nor is it this Court's role to safeguard the relevance and effectiveness of an industry's self-regulatory body. If NAD's rules allow a challenger to "opt out" of the NAD process by filing a duplicative court action, the obvious remedy would be to amend the rules if the industry agrees that this is not an optimal use of the parties' or the organization's time and resources.[2] This Court will not provide a "fix" or attempt to send any sort of "message" to other participants in the NAD process based on the limited information before it.

Having failed to establish that a remand to NAD would simplify the issues in this case or otherwise promote its efficient resolution, defendant's motion for stay is DENIED.

**B. MOTION TO DISMISS**

Defendant argues that plaintiff's Lanham Act and common law claims should be dismissed under Fed. R. Civ. P. 12(b)(6) because the allegations of the complaint do not state a viable cause of action. In the context of a motion to dismiss, the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). When determining whether the allegations contained therein state a claim upon which relief can be granted, the allegations are accepted as true and construed in the light most favorable to plaintiff. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). No claim should be dismissed unless the complaint, taken as a whole, fails to give rise to a plausible inference of actionable conduct. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

---

[2] It appears that the Council of Better Business Bureaus, Inc., is considering an amendment or clarification of the NAD's policies and procedures to deal with this situation. See Decl. of Christopher A. Cole (Dkt. # 26) at Ex. 14.

ORDER DENYING MOTION TO STAY
AND GRANTING IN PART MOTION TO DISMISS -3-

### 1. Lanham Act Claim

Plaintiffs allege that Priceline's advertisements mislead customers into believing that they can achieve a 50% savings on any hotel reservation made on the Priceline website when in fact the advertised savings are available, if at all, only with Priceline's "name your own price" service. Based on this allegation, plaintiffs have asserted a claim under § 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), which provides a civil cause of action to any person who is or is likely to be damaged by a "false or misleading description of fact, or false or misleading representation of fact which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, [or] qualities . . . of . . . goods, services, or commercial activities."

Defendant's first challenge to plaintiff's Lanham Act claim does not take issue with the sufficiency of the allegations. Instead, defendant focuses on one of plaintiffs' requests for relief (Complaint ¶ 117(f)) and argues that such relief is unavailable under the Lanham Act. Plaintiffs have also asserted claims under the common law and the Washington Consumer Protection Act. Whether the requested ban on comparative advertising could be an appropriate form of relief under those causes of action has not been addressed. Nor has defendant shown that the Lanham Act claim, or any separable part thereof, should be dismissed simply because one form of relief requested in the complaint may be unavailable.

Defendant also argues that the Lanham Act claim fails as a matter of law because the act does not impose an affirmative duty to disclose. See Avon Prods., Inc. v. S.C. Johnson & Son, Inc., 984 F. Supp. 768, 798 (S.D.N.Y. 1997); Pfizer, Inc. v. Miles, Inc., 868 F. Supp. 437, 449-50 (D. Conn. 1994). A simple failure to disclose is not a violation of the Lanham Act because "[t]he absence of any statement is neither 'false' nor a 'representation.'" Universal City Studios, Inc. v. Sony Corp. of Am., 429 F. Supp. 407, 410 (C.D. Cal. 1977). Plaintiffs allege that defendant's advertising blurs the distinction between its fixed-price and blind-bidding

services, thereby creating the false impression that plaintiff's fixed-price services are more costly than the same services offered by defendants.  Plaintiffs demand that Priceline disclose the differences between its fixed-price and "name-your-own-price" services.  The nature and scope of the desired disclosures are not delineated, however, and it is not clear what "false representation" defendant is accused of making or whether the comparative inference plaintiffs draw from the advertisements is reasonable.  Nevertheless, in the context of this motion to dismiss, the allegations of the complaint must be construed in the light most favorable to plaintiffs.  The Court will therefore assume that plaintiffs have properly alleged a false or misleading representation of fact, namely that Priceline's advertisements falsely claim that consumers can attain a 50% cost savings by using its fixed-price service when compared with plaintiffs' fixed-price service.  Based on that understanding, the allegations of the complaint suffice to state a cause of action under the Lanham Act.

### 2. Common Law Claim

Plaintiffs allege that Priceline's representations regarding potential cost savings from its fixed-price service constitute false advertising, unfair competition, and unfair business practices under the common law.  Defendant correctly argues that the concept of unfair competition at common law is too narrow to encompass the facts alleged in this case:  that claim will, therefore, be DISMISSED.[3]  Defendant has not, however, addressed plaintiffs' false advertising and unfair business practices claims under the common law.  The motion to dismiss

---

[3] The basic principle of the common law claim of unfair competition is that "no dealer or manufacturer has the right, by any name, mark, sign, label, dress, or other artifice, to represent to the public that the goods sold by him are those manufactured or produced by another, thus passing off his goods for those of such other to the latter's injury."  Pac. Coast Condensed Milk Co. v. Frye & Co., 85 Wn. 133, 138 (1915).  See also A.L.A. Schechter Poultry Corp. v. U.S., 295 U.S. 495, 531-32 (1935) ("'Unfair competition,' as known to the common law, is a limited concept.  Primarily, and strictly, it relates to the palming off of one's goods as those of a rival trader.").  Plaintiffs have not alleged that Priceline was trying to convince customers that its services were actually being provided by Expedia or Hotels.com.

ORDER DENYING MOTION TO STAY
AND GRANTING IN PART MOTION TO DISMISS  -5-

plaintiffs' false advertising and unfair business practices claims under the common law is DENIED.

For all of the foregoing reasons, defendant's motion to stay is DENIED and the motion to dismiss (Dkt. # 17) is GRANTED in part and DENIED in part.

Dated this 23rd day of November, 2009.

_____
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO STAY
AND GRANTING IN PART MOTION TO DISMISS  -6-